**In re Anonymous No. 120 D.B. 91**

Disciplinary Board Docket no. 120 D.B. 91.

*Hearing Committee,* July 28, 1992—The facts giving rise with respect to the disciplinary action brought against [respondent] are not in dispute. They are contained in a stipulation entered into by and between the parties by their respective attorneys, which stipulation was submitted to the Hearing Committee at the hearing which occurred on April 20, 1992. In addition, the facts contained in the briefs filed by the petitioner and respondent do not basically differ.

In brief, the relevant facts are, respondent [    ], Esquire was admitted to practice law in the Commonwealth of Pennsylvania on or about May 12, 1956. On or about December 18, 1990, respondent was present in Municipal Courtroom [    ], [    ], Pennsylvania, which court was convened to hear criminal charges against various individuals. Prior to the commencement of court proceedings, respondent sat next to the court officer and noted the names of persons who indicated that they had not retained counsel or have an attorney of record. Respondent thereafter called out the names of those individuals who appeared to be unrepresented, in the courtroom. When an individual responded to the call of his name by respondent, he would indicate to them that he was an attorney available to represent them in the matter then pending. Respondent would inquire whether the named person desired to talk to him outside the courtroom. If such person declined or said no, respondent ended the conversation. If the person responded yes, respondent met them outside the courtroom and discussed the case and his possible representation.

The issue before the Hearing Committee is whether respondent's action violates the Rules of Professional

Conduct 7.3(a) as modified by Rules of Professional Conduct 7.3(b).

Respondent believes that his conduct does not violate the above cited rules, and further contends that respondent received no knowledge that any communication made by respondent was not desired. Further, respondent avers that he used no coercion, duress or harassment, and that his conduct is protected under the First Amendment of the United States Constitution and related provisions of the Pennsylvania Constitution.

After a hearing before this committee, based upon stipulation of facts submitted in writing, signed by the parties and counsel, and arguments and presentation of their briefs, the committee was of the unanimous opinion that a technical violation of the cited rules had been committed by the respondent.

Upon advice of the Assistant Disciplinary Counsel and agreement of counsel for respondent, the Hearing Committee accepted the recommendation of Disciplinary Counsel that there is no need for any additional hearing or evidence on the level of discipline to be imposed, and accepted the opinion of the Office of Disciplinary Counsel that an informal admonition was the appropriate discipline to be imposed upon respondent in this matter.

## ORDER

And now, October 23, 1992, upon consideration of the report and recommendation of Hearing Committee [    ] filed July 28, 1992 and after oral argument before a three member panel of this board; it is hereby ordered that the said [respondent] of [    ] be subjected to an informal admonition by Disciplinary Counsel as provided in Rule 204(a)(6) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by the respondent.